UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

YOLANDE BURST, individually                CIVIL ACTION
and as the legal
representative of BERNARD
ERNEST BURST, JR.

VERSUS                                     NO: 14-109

SHELL OIL COMPANY, ET AL.                  SECTION: R

## ORDER AND REASONS

Before the Court is defendants Shell Oil Company, Chevron U.S.A. Inc., and Texaco Inc.'s motion to continue trial. Trial is currently set to begin on February 9, 2015 under the Court's March 20, 2014 Pre-Trial Notice and Scheduling Order.[1]

Federal Rule of Civil Procedure 16 provides that a trial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (quoting

---

[1] R. Doc. 27.

*Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986)) (quotation marks removed).

Shell contends that good cause exists for a continuance of 60 days because its lead counsel, Stan Perry, is scheduled to sit for the Louisiana Bar Exam on February 9, 11, and 13, 2015--the same week as trial.[2]  Shell further contends that plaintiff Burst will not be prejudiced by a short continuance.  Chevron and Texaco support Shell's motion, and also urge the Court to grant a continuance because of the current trial date's proximity to the Mardi Gras holiday and the potential for trial to extend past the original estimate of five days.

In opposition, Burst points out that Shell's counsel selected the current trial date on March 20, 2014, and only later did Mr. Perry register to take the Louisiana bar examination (with full knowledge of a conflict with the trial date).  Burst also highlights that it was not until after Mr. Perry registered to take the bar examination that Shell filed a motion to designate him as its lead counsel on November 13, 2014.  Four days later, Shell filed the motion now before the Court.

Burst further asserts that a continuance will be prejudicial.  First, Burst contends that a delay may result in a loss of testimony of several witnesses who are elderly.  Second, Burst states that trial is scheduled for 13 months after she filed suit,

---

[2]  Mr. Perry is admitted in this case *pro hac vice*.

and she should not be forced to wait any longer. Finally, Burst claims that her counsel already has five trials scheduled between March and May 2015 and that there is no guarantee they are available for a later trial date. As to defendants' assertion that trial will likely extend past the allotted five days, Burst assures the Court that she can complete her case in three days or less.

While the Court is sympathetic to Mr. Perry's situation, defendants have not shown good cause to continue trial. Trial was scheduled almost a year in advance, and Mr. Perry's scheduling conflict was avoidable. Further, this is not a case where the defendant will be deprived of adequate representation. Shell is represented by no less than seven attorneys in this case. Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 8th day of December, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE