```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

YOLANDE BURST, individually                    CIVIL ACTION
and as the legal
representative of BERNARD
ERNEST BURST, JR.

VERSUS                                         NO: 14-109

SHELL OIL COMPANY, ET AL.                      SECTION: R

## ORDER AND REASONS

Defendants Shell Oil Company, Chevron U.S.A. Inc., and Texaco, Inc. move for summary judgment on plaintiff Yolande Burst's claims.[1]  Because plaintiff cannot prove causation, the Court grants defendants' motion.

## I. BACKGROUND

Between 1958 and 1971, Mr. Burst worked as a gasoline station attendant at various Shell Oil, Texaco, and Gulf Oil gasoline stations in the New Orleans area.  Mr. Burst refueled automobiles and performed mechanic work during which he sustained exposure to gasoline.  In 2013, some forty years later, physicians diagnosed Mr. Burst, at the age of 71, with acute myeloid leukemia (AML), a disease that claimed his life the same year.  Plaintiff, Yolande Burst, Mr. Burst's wife, sued Shell Oil, Chevron (as successor to Gulf Oil Corporation), and Texaco, alleging that these companies

---

[1] R. Doc. 128.

manufactured, supplied, and distributed the gasoline Mr. Burst used and that benzene from the gasoline caused his AML.

To show general causation--that gasoline can cause AML, plaintiff offered the opinions of two experts: an epidemiologist and a physician. The Court excluded both experts' general causation opinions as unreliable.[2] Defendants move for summary judgment, in part, on the basis that plaintiff's claims must fail because she cannot prove general or specific causation without this expert testimony.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-399 (5th Cir. 2008). The Court must draw reasonable inferences in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory

---

[2] R. Docs. 130 & 141.

facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2738 (2d ed. 1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quotation marks removed).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.

The nonmovant may not rest upon the pleadings but must

3

identify specific facts that establish a genuine issue for trial. *Id.; see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 322).

**III. DISCUSSION**

In a toxic tort suit, the plaintiff must present admissible expert testimony to establish general causation and specific causation.[3] *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 247, 351 (5th Cir. 2007) (quoting *Merrell Dow. Pharm., Inc. v. Havner*, 953 S.W. 2d 706, 714 (Tex. 1997)); *see also Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (per curiam) (In a toxic tort suit, the plaintiff "cannot expect lay fact-finders to understand medical causation; expert testimony is thus required to established causation."). Evidence of specific causation is admissible only if there is evidence of general causation. *Knight*, 482 F.3d at 351.

Here, the Court excluded plaintiff's experts' general

---

[3] "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." *Knight*, 482 F.3d at 351.

causation opinions because it found them to be unreliable.[4] Because plaintiff proffers no admissible evidence on general causation, she may not present evidence on specific causation. *Id.* Thus, plaintiff cannot make the requisite showing on causation. Accordingly, the Court grants defendants' motion for summary judgment.

**IV. CONCLUSION**

    For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment.

    New Orleans, Louisiana, this 29th day of June, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[4] R. Docs. 130, 141.