# EXHIBIT 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YOLANDE BURST, individually and as the Legal representative of BERNARD ERNEST BURST, JR.<br><br>VERSUS<br><br>SHELL OIL COMPANY, ET AL. | * CIVIL ACTION NO. 14:109<br>*<br>*<br>*<br>* SECTION "R"<br>* JUDGE Sarah S. Vance<br>*<br>* DIVISION 2<br>* MAG. Joseph C. Wilkinson, Jr.<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' BILL OF COSTS

Plaintiff filed suit on January 15, 2014 asserting that Mr. Burst's 2013 diagnosis of acute myeloid leukemia (AML) resulted from his alleged occupational exposure to pure benzene and other benzene-containing products (R. Doc. 1). On April 9, 2014, Plaintiff filed a Motion for Summary Judgment seeking a ruling *inter alia* that benzene can cause AML in humans (R. Doc. 28). Plaintiff's Motion, filed on the heels of the Complaint, set the stage for the necessity (1) to depose numerous fact witnesses to rebut the allegation that Mr. Burst was exposed to pure benzene and to explore what products he was exposed to, when, and how and (2) to depose numerous experts to distinguish between the toxicity of pure benzene and that of gasoline.

In the Fall of 2014, depositions were taken and in compliance with the December 2, 2014 deadline, the parties filed Motions in Limine to exclude expert testimony. This Court set a *Daubert* hearing on February 9 and 10, 2015, ordering live testimony from key experts. This Court excluded the opinions and testimony of Plaintiff Experts Dr. Peter Infante, Dr. Robert

Harrison, and Richard Miller. Defendants filed a Joint Motion for Summary Judgment (R. Doc. 128). This Court granted Defendants' Motion (R. Doc. 154) and dismissed Plaintiff's claims against all Defendants with prejudice. (R. Doc. 155).

On July 29, 2015, Defendants filed an Application for Bill of Costs in the amount of $37,376.87 to tax the costs associated with defending Plaintiff's unsuccessful action. (R. Doc. 159). Plaintiff filed an Opposition to Defendants' Bill of Costs (R. Doc. 161). Defendants address each contention set forth in Plaintiff's Opposition below. Should any costs be disallowed, Defendants commits to recalculating the total and attempting to resolve any disagreement with Plaintiff's counsel to avoid burdening the Court further with these issues.

**I.      Legal Standards for Recovery of Costs to the Prevailing Party.**

Federal Rule of Civil Procedure 54(d)(1) provides in part that "unless a federal statute, these rules, or a court order provides otherwise, costs ... should be allowed to the prevailing party." Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party. *See Reuther v. Smith*, 2003 U.S. Dist. LEXIS 16494 (E.D. La. Sept. 11, 2013). In the *Burst* litigation, the prevailing parties are the Defendants. There has been no contention that Defendants engaged in conduct such as calling unnecessary witnesses, bringing in unnecessary issues or otherwise encumbering the record. *Id.* Defendants do not seek attorneys' or expert fees which are unrecoverable. The type of items that may be taxed as costs against the non-prevailing party are set forth in 28 U.S.C. §1920; *see also* U.S.C. §1821 (mandatory per diem subsistence.)

**II.     Verification of Bill of Costs (response to Section I).**

Plaintiff contends that no statutorily required documents "were field (sic) in support of any of the costs asserted by Shell, Chevron, or Texaco." (emphasis in original)(R. Doc. 161 at 1-2), but Plaintiff is incorrect. The declaration on the Form AO 133 provided by the Administrative

2

Office of the United States Courts satisfies the Affidavit requirement of 28 U.S.C. § 1924. *See* 28 U.S.C. § 1746. Plaintiff's contention should be rejected.

### III.   Costs incurred by Jennifer Sahmel and Dr. David Pyatt (response to Section II(A)).

Plaintiff contends that certain undocumented costs are not recoverable; however, all costs are documented. The charges for Ms. Sahmel are documented on Ms. Sahmel's invoice (R. Doc. 159-4 at 15). These costs were in conjunction with her December 3, 2014 deposition which was noticed by the Plaintiff. Airfare is expressly allowed by 28 U.S.C. §1821(c)(1); taxicab fees are expressly authorized by 28 U.S.C. §1821 (c)(3); and all normal travel expenses "shall be taxable as costs" (28 U.S.C. §1821 (c)(3)). The charges for Dr. David Pyatt are also documented on his invoice (R. Doc. 159-4 at 9).[1] These invoices should be sufficient documentation of the costs incurred. *See generally United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.* 414 F.3d 558, 574, n.11 (5th Cir. 2005)(holding that the district court did not abuse its discretion in awarding certain costs (airfare) based solely on a redacted spreadsheet submitted by the prevailing party's witness seeking reimbursement for certain fees the witness had incurred.) The Fifth Circuit did not require the receipt for the airfare. The same result should be reached here. However, *see* Section X below recalculating costs for Ms. Sahmel and Drs. Pyatt and Natelson to address Plaintiff's contention that per diem subsistence allowances should be awarded to Defendants, instead of actual costs, resulting in an *increase* of $852.38 in the costs requested.

### IV.   *Pro Hac Vice* fees (response to Section II(B)).

Despite Plaintiff's contention, this district allows for the recovery of *pro hac vice* fees. *See DirectTV, LLC v. Habip ERTEM*, 2105 U.S. Dist. LEXIS 12640 (E.D. La. Feb. 3, 2015); *see also*

---

[1]   Defendants concede that the $630.00 airfare charge should not be included in the total because this charge was for a preparation session. Rather the $716.21 charge (R. Doc. 159-4 at 7-8) should be included in the total because this charge was for the February 2015 *Daubert* hearing.

3

*Gros v. New Orleans City*, 2014 U.S. Dist. LEXIS 75468 (E.D. La. June 3, 2014). The *pro hac vice* fees of the Defendants' National Counsel should be taxed as costs.

V.   **Charges for Duplicative/Multiple Copies (response to II(C) and (D)).**

Plaintiff objects to Defendants' request for less than $400.00 in copies. Defendants reiterate that they are requesting fees for photocopying costs that were necessarily obtained for use in the litigation. Also, Defendants have taken a conservative approach to their request by not including copy costs of the numerous documents (e.g. epidemiological studies) used in the *Daubert* hearing and in document production. Defendants should be awarded the amounts claimed.

VI.  **Deposition Costs for Defense Experts and Plaintiff's Will Call Witnesses (response to Section II(E)(1)).**

Without citation to any authority, Plaintiff contends that Defendants are not entitled to obtain the deposition transcript of their own expert witnesses expected to be called at trial. A deposition need not be introduced into evidence in order to be necessary for a case. *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). As long as there is a reasonable expectation that it may be used for trial preparation, it may be included in costs. *Id.* It should be axiomatic that a party is entitled to obtain a copy of their own expert's deposition transcript not to impeach their own expert, as suggested by Plaintiff, but to prepare for trial (including a *Daubert* hearing) and to cite to their experts' testimony in support of filings in Court as Defendants did here, especially in a case in which the Plaintiff identifies the wrong product (pure benzene) in her initial Complaint.

Plaintiff also contends that Defendants cannot claim costs for the deposition of their co-defendant's fact witness (John Pittman, Carolyn Phillips, Shari London, and Ronald Richards). However, John Pittman and Ronald Richards were listed on Plaintiff's Witness List (R. Doc. 69). Furthermore, Plaintiff listed all four as Will Call Witnesses on the Joint Pre-Trial Order

4

submitted January 6, 2015. Plaintiff cites no authority for its position that each defendant in a case is not entitled to order a copy of the transcript of witnesses listed on Plaintiff's Witness List. Moreover, in some instances, to the extent Shell was charged for an original, Texaco was charged for a copy and vice versa.

VII. **Costs for Video Depositions and Videographers (response to Section (E)(2)) and Multiple Formats and Delivery Charges response to Section II(E)(3)).**

Plaintiff contends that Defendants in the case cannot claim costs for video depositions. Plaintiff cites to cases (*Mota, Coats*, and *West*) all decided before the Judicial Administration and Technical Amendments Act of 2008 amended Section 1920 (2) to permit a judge to tax as costs fees for "electronically recorded transcripts". Accordingly, the costs for videotaped depositions are now recoverable. *See generally Sheikh-Abukar v. Fiserv Solutions, Inc.*, 2011 U.S. Dist. LEXIS 124157 (S. D. Tex. 10/26//11)(distinguishing *Mota* and *West*).

Plaintiff further contends that the Defendants in the case cannot claim costs for ASCII disks, condensed, or a CD. Plaintiff cites to no authority from this jurisdiction disallowing copies of deposition transcripts by alternative media. Further, Plaintiff contends the delivery charge is not authorized but cites to no authority from this jurisdiction disallowing costs for delivery of deposition transcripts.

VIII. **Expedited Transcripts (response to Section II(E)(4)).**

Plaintiff contends that the per-page charge for the transcripts of Plaintiff and Defendants' experts were excessive, namely charges for Richard Miller (deposed November 24, 2014); Dr. Mitchell (deposed November 25, 2014), Dr. Pyatt (deposed November 21, 2014), and Ms. Sahmel (deposed December 3, 2014). The charges for these witnesses include an extra fee per page to expedite the transcript. Given that the dates finally selected and mutually agreed to by all parties for the depositions were a mere week prior to the deadline to file Motion(s) in Limine

regarding expert testimony, and, in the case of Ms. Sahmel, a week before Oppositions to Motion(s) in Limine were due, Defendants submit it was reasonable to request an expedited transcript. Defendants attempted to schedule expert depositions well before the motion deadline, but were unable to secure agreeable dates from Plaintiff. Defendants further respond to Plaintiff's contentions that deposition costs should not be allowed:

| | |
|---|---|
| Table Items 3 and 4: | *Yolande Burst.* Aa matter of common sense, the deposition of Plaintiff was obtained for use in the case. Her testimony was the basis for Plaintiff's Experts' exposure estimates. Plaintiff cites no authority for her position that each defendant in a case is not entitled to order a copy of the Plaintiff's deposition transcript. Both charges of $335.60 are expressly authorized by § 1920. |
| Table Items 5 and 6: | *Frank Simpson.* Plaintiff listed deponent Frank Simpson as a Fact Witness on her Witness List and as Plaintiff's Will Call Witness on the Joint Pre-Trial Order. Plaintiff's experts relied upon his testimony in forming their exposure estimates. Plaintiff cites no authority for its position that each defendant in a case is not entitled to order a copy of the deposition transcript of Plaintiff's Will Call witness. Both charges of $351.60 in Table Item 5 and 6 are expressly authorized by 28 U.S.C. § 1920.[2] |
| Table Item 7 | *Ronald Richards.* Plaintiff listed Ronald Richards as a Fact Witness on her Witness List (R. Doc. 69) and as a Plaintiff's Will Call Witness on the Joint Pre-trial Order. Plaintiff's experts relied upon his testimony in forming their opinions. Plaintiff cites to no Louisiana case disallowing costs for the delivery of the electronic deposition transcript of a Will Call witness. Shell should be entitled to include and recover the $25.00 for e-file delivery and $26.00 charge for the original. |
| | Plaintiff cites no authority for its position that each defendant in a case is not entitled to order a copy of the transcript of Plaintiff's Will Call witness. Chevron should be awarded the $415.89 cost in obtaining the deposition transcript of its own corporate witness. |

---

[2] Defendants have obtained an itemized bill after reviewing Plaintiff's Opposition. *See* Exhibit "A," itemized invoices for the deposition transcripts of Frank Simpson and Herb Stathes for consideration.

6

| | |
|---|---|
| Table Item 10 | *John Pittman.* Plaintiff listed John Pittman as a Fact Witness on her Witness List (R. Doc. 69) and on the Joint Pre-trial Order. Plaintiff cites no authority for its position that each defendant in a case is not entitled to order a copy of the deposition transcript of a witness listed on Plaintiff's Witness List. |
| Table Item 11. | *Robert Cheng.* Plaintiff contends that the ASCII, condensed, and CD of Robert Cheng's deposition is not an allowable cost. Plaintiff cites to no authority from this jurisdiction disallowing copies of deposition transcripts by alternative media.[3] |
| Table Items 12 and 13 | *Dr. David Garabrant.* Plaintiff contends that Defendants are not entitled to obtain the deposition transcript of their own expert witness expected to be called at trial. Plaintiff cites to no authority for this proposition. |
| Table Items 14-16 | *Dr. Peter Infante.* Dr. Infante is Plaintiff's primary Will Call Expert Witness. All charges for the deposition transcript of Dr. Infante should be recoverable as there is no dispute that his transcript was necessarily obtained for use in this case. His testimony was cited repeatedly in Defendant's Motion in Limine to exclude his testimony (R. Doc. 90) and in other filings.[4] |
| Table Item 17 | *Dr. Ethan Natelson.* Plaintiff contends that Defendants are not entitled to obtain the deposition transcript of their own expert witness expected to be called at trial. Plaintiff cites to no authority for this proposition. |
| Table Item 18 | *Richard Miller.* Plaintiff contends that Defendants are not entitled to obtain the costs for the charge for expediting the delivery of the deposition transcript of Plaintiff's expert witness who was expected to be called at trial. Plaintiff cites to no authority for this proposition. Plaintiff listed Mr. Miller as a trial witness. Parties jointly agreed to depose Mr. Miller on November 24, 2014 (*see* Invoice, R. Doc. 159-2 at 24). The deadline for filing Motions in |

---

[3] Defendants maintain this position for each transcript in which the court reporter charged for ASCII, condensed, and CD.

[4] Plaintiff further states that there was no itemized bill. Defendants submitted the invoices as charged by the court reporter. *See* R. Doc. 159-2 at 20-22.

|  |  |
|---|---|
|  | Limine was shortly thereafter on December 2, 2014.[5] The expedited transcript was necessary to meet the deadline. |
| Table Items 19-21 | *Dr. David Mitchell.* Plaintiff contends that Defendants are not entitled to obtain the costs for the charge for expediting the delivery of the deposition transcript of Plaintiff's expert witness who was expected to be called at trial. Plaintiff cites to no authority for this proposition. Plaintiff listed Dr. David Mitchell as a trial witness. Plaintiff produced Dr. Mitchell for deposition on November 25, 2014. The deadline for filing Motions in Limine was shortly thereafter on December 2, 2014. Plaintiff cited repeatedly to Dr. Mitchell's deposition testimony in her Motion in Limine to exclude the opinions and testimony of Defendants' Industrial Hygienist, Jennifer Sahmel, MPH, filed on December 2, 2014. (*see* R. Doc. 89-2, n. 59 through 79). The expedited transcript was necessary to meet the December 2nd deadline. |
| Table Items 22 and 23 | *Dr. David Pyatt.* Plaintiff contends that Defendants are not entitled to obtain the deposition transcript of their own expert witness expected to be called at trial. Plaintiff cites to no authority for this proposition. Parties jointly agreed to depose Dr. Pyatt on November 21, 2014. The deadline for filing Motions in Limine was shortly thereafter on December 2, 2014. The expedited transcript was necessary to meet the December 2nd deadline. |
| Table Items 24-26 | *Dr. Harrison.* Plaintiff listed Dr. Harrison as a Trial Witness. (R. Doc. 69). All charges for his deposition, including videotape, are recoverable per 28 U.S.C. §1920.[6] |
| Table Item 28 and 29 | Plaintiff's contention that the deposition transcript of Defendants' expert *Jennifer Sahmel* was not necessarily obtained for use in the case is flatly incorrect. For example, Ms. Sahmel's opinions were the basis, in part, for the exclusion of Plaintiff's expert Richard Miller. (R. Doc. 127). |
| Table Items 30-35 | *Carolyn Phillips, Shari London* and *Herb Stathes.*. Plaintiff listed all three as Will Call Trial Witnesses by videotape. *See* Joint Pre-Trial Order. Plaintiff cites no authority for her position that each |

---

[5] Motions in Limine regarding the admissibility of expert testimony shall be filed in sufficient time to permit hearing no later than December 17, 2014. R. Doc. 27.

[6] Plaintiff further states that there was no itemized bill. Defendants submitted the invoices as charged by the court reporter. (*See* R. Doc. 159-2 at 30-32.)

defendant in a case is not entitled to order a copy of the deposition transcript of Plaintiff's Will Call Trial Witness.[7]

### IX.     Cost for transcript of *Daubert* hearing (response to Section II (E)(5)).

Plaintiff claims there is no legal authority to support the argument that expenses for a Court-ordered *Daubert* hearing are allowable under Fed. R. Civ. P. 26(b)(4)(C) (*sic*). Rule 26(b)(4)(C) does not relate to the Bill of Costs and is irrelevant. Rather, 28 U.S.C. § 1920 specifically authorizes the recovery of fees "for printed or electronically recorded transcripts necessarily obtained for use in the case." As stated and sworn to under penalty of perjury, there was a reasonable expectation that the transcript of the *Daubert* hearing would be used for trial preparation purposes. (R. Doc. 159-2 at 6). Further, the transcript was in fact obtained for use in the case. Plaintiff erroneously states that Defendants "failed to cite to the *Daubert* hearing transcripts even once in their arguments supporting summary judgment." Defendants' pleadings supporting Summary Judgment are replete with citations to the *Daubert* hearing transcript. *See* R. Doc. 128-1, Defendants' Memorandum in Support of Motion for Summary Judgment, n. 10 and 22; R. Doc. 136-2, Chevron and Texaco's Reply in Support of Defendants' Joint Motion for Summary Judgment, n. 5,9,10, 11, 12,13,14,15,16,17, 18, 19, 20, *and* 21). In addition, Defendants Chevron and Texaco filed a Motion to Strike Exhibits not Referred to at *Daubert* Hearing and a subsequent Reply, in which they specifically relied upon and repeatedly cited the *Daubert* hearing transcript. *See* R. Doc. 122 and R. Doc. 126, respectively.

### X.      Witness Fees (response to Section (F)).

Plaintiff claims there is no receipt for the charges and that a per diem rate for hotel and meals is the maximum allowed. Costs for Ms. Sahmel, Dr. Pyatt, and Dr. Natelson were recalculated to

---

[7] Plaintiff further states that there was no itemized bill. Defendants have obtained an itemized bill after reviewing Plaintiff's Opposition. *See* Exhibit "A," itemized invoices for the deposition transcripts of Frank Simpson and Herb Stathes for consideration.

address Plaintiff's contention that per diem subsistence allowances should be awarded to Defendants, instead of actual costs, resulting in an *increase* of 852.38 in the costs requested. *See* Exhibit "B."

## CONCLUSION

Undersigned counsel stands by their Declaration submitted in conjunction with the Bill of Costs. All items for which reimbursement is sought have been necessarily incurred in the case and the services for which fees have been charged were actually and necessarily performed. Defendants submit that the per diem rates allowed for subsistence should be used instead of actual costs; however, by using per diem rates and including meals, the amount taxed pursuant to Defendants' Bill of Costs would have increased, rather than decreased. Defendants respectfully request that Plaintiff be taxed the sum of $37,376.87 as set forth in the Bill of Costs (R. Doc. 159).

        Respectfully submitted,

        Mary S. Johnson, T.A. (Bar #17647)
        msj@jgmclaw.com
        Jill T. Losch (Bar # 20664)
        jtl@jgmclaw.com
        **JOHNSON GRAY MCNAMARA, LLC**
        21357 Marion Lane, Suite 300
        Mandeville, Louisiana  70471
        Phone:  (985) 246-6544
        Fax:  (985) 246-6549

        */s/ S. Suzanne Mahoney*
        S. Suzanne Mahoney (Bar #24536)
        ssm@jgmclaw.com
        Nichole M. Gray (Bar #32479)
        nmg@jgmclaw.com
        **JOHNSON GRAY McNAMARA, LLC**
        650 Poydras Street, Suite 1201
        New Orleans, Louisiana  70130
        Telephone: (504) 525-4649

        AND

Stan Perry, *pro hac vice*
sperry@reedsmith.com
Meredith Welch, *pro hac vice*
mwelch@reedsmith.com
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

*Counsel for Shell Oil Company*

Tim Gray (T.A.) (Bar #31748)
tgray@fpwk.com
Lea Ann Smith (Bar #35329)
lasmith@fpwk.com
**FORMAN PERRY WATKINS KRUTZ & TARDY LLP**
701 Poydras Street, Suite 4350
New Orleans, Louisiana 70139
Telephone: (504) 799-4348

/s/ Marquel S. Jordan
Robert Scott, *admitted pro hac vice*
TX State Bar No. 17911800
rscott@blankrome.com
Marquel S. Jordan, *admitted pro hac vice*
TX State Bar No. 24048616
mjordan@blankrome.com
**BLANK ROME LLP**
700 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 228-6601

*Counsel for Chevron U.S.A. Inc. and Texaco Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of August, 2015, I electronically filed a copy of the above and foregoing pleading with the Clerk of Court through use of the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case. I further certify that I served the foregoing document and notice of electronic filing by U.S. Mail or e-mail to any non-CM/ECF participants.

/s/ S. Suzanne Mahoney




**Alliance Reporting, Inc.**
A Certified Woman-owned Small Business

Susie L. Torres -- Karen M. Greenbaum
(504) 488-6624   Fax (504) 488-7573
alldepo@bellsouth.net
Please visit us on the web at
www.alldepo.com

To:
S. SUZANNE MAHONEY, ESQ.
JOHNSON GRAY MCNAMARA
650 POYDRAS ST., STE. 1201
NEW ORLEANS, LA 70130

Employer I.D. No. 72-1146151

| Invoice Date: |
| --- |
| 7/31/2014 |
| Invoice No. |
| 51741 |

11572 - 1

RE: BURST, et al vs SHELL OIL COMPANY, et al
USDC EDOL
CA #14-109 R 2

PLEASE REFERENCE INVOICE NUMBER ON PAYMENTS

Reporter: MARLANE GAILLE, CCR, RPR, CA-C     Adjuster:
Date Taken: 6/16/2014    File No:               Claim No:

### Description

Copy   FRANK SIMPSON

For Defendant, Shell Oil Co.
Depo sent to witness to read/sign

| | |
|---|---:|
| Copy/1 Witness: 113 Pages @ $2.05 | $231.65 |
| BW Exhibits Scanned & Copied: 14 Pages @ .60/Pg | 8.40 |
| Index Tabs: 3 Pages @ .35/ea | 1.05 |
| Condensed-format Transcript Copy: 113 Pages @ .12/Pg | 13.56 |
| CD With Scanned Exhibits | 20.00 |
| E-Transcript @ $15 + Email @ $10 | 25.00 |
| Delivery Fee | 20.00 |
| Admin Fee + 10% ($30 Min/$90 Max) | 32.00 |
| | $351.66 |

**TERMS: NET 30 DAYS**

To insure proper credit, please enclose a copy of this invoice with payment.

**Total:   351.66**

| TOTAL BALANCE DUE: | 0.00 |
| --- | ---: |

4919 Canal Street, Suite 303, New Orleans LA 70119 -- LA (800) 349-6624 -- US (800) 487-4292

www.alldepo.com



Exhibit "A"

 

**Alliance Reporting, Inc.**
A Certified Woman-owned Small Business

Susie L. Torres -- Karen M. Greenbaum
(504) 488-6624   Fax (504) 488-7573
alldepo@bellsouth.net
Please visit us on the web at
www.alldepo.com

To:
S. SUZANNE MAHONEY, ESQ.
JOHNSON GRAY MCNAMARA
650 POYDRAS ST., STE. 1201
NEW ORLEANS, LA 70130

RE: BURST, et al vs SHELL OIL COMPANY, et al
USDC EDOL
CA #14-109 R 2

Reporter: REBECCA DAHER, CCR
Date Taken: 12/09/2014   File No:

Employer I.D. No. 72-1146151

| Invoice Date: | |
|---|---|
| 1/06/2015 | 11572 - 2 |
| Invoice No. | |
| 52174 | |

PLEASE REFERENCE INVOICE NUMBER ON PAYMENTS

Adjuster:
Claim No:

### Description

Copy     HERBERT E STATHES

For Shell Oil Company

| | |
|---|---:|
| Copy/1 Witness: 62 Pages @ $2.05/Pg | $127.10 |
| BW Exhibits Scanned & Copied: 85 Pages @ .35/Pg | 29.75 |
| Index Tabs: 4 Pages @ .35/ea | 1.40 |
| Condensed-Format Transcript Copy: 62 Pages @ .12/Pg | 7.44 |
| CD + Scanned Exhibits | 20.00 |
| Email | 10.00 |
| Delivery Fee | 20.00 |
| Admin Fee +10% ($30 Min/$90 Max) | 30.00 |
| | $245.69 |

**TERMS: NET 30 DAYS**

To insure proper credit, please enclose a copy of this invoice with payment.

**Total:** 245.69

**TOTAL BALANCE DUE:** 0.00

4919 Canal Street, Suite 303, New Orleans LA 70119 -- LA (800) 349-6624 -- US (800) 487-4292

www.alldepo.com

**Exhibit 4 to Bill of Costs– Itemization and documentation for fees for expert witnesses' testimony pursuant to 28 U.S.C. § 1821**
**RECALCULATED TO ADDRESS PLAINTIFF'S OPPOSITION**

| | Name, City, and State of Residence of Expert | Location of Deposition/Hearing | Deposition Preparation and Attendance Fee (28 U.S.C. § 1821 (b)) | Travel, Mileage, & Subsistence (28 U.S.C. § 1821) | Total Fees |
|---|---|---|---|---|---|
| 1. | David Pyatt, Ph.D., Superior, Colorado | Houston, Texas | $80.00 (2 days) | Lodging at $132.00* Airfare at $1,000[1] Taxis $120.00[2] Meals (2 days) at $142.00* | $1,474.00 |
| 2. | David Pyatt, Ph.D., Superior, Colorado | New Orleans, LA | $120.00 (3 days) | Airfare at $716.21[3] Taxis at $120.50[4] Lodging (2 nights) at $302.00* Meals (3 days) at $213.00* | $1,471.71 |
| 3, | Dr. Ethan A. Natelson, Houston, Texas | New Orleans, LA | $120.00 (3 days) | Airfare at $514.70[5] Taxis at $35.00[6] Parking at $57.00[7] Lodging (2 nights) at $302.00* Meals (3 days) at $213.00* | $1,241.70 |
| 4. | Ms. Jennifer Sahmel, MPH, CIH, CSP Boulder, Colorado | Houston, Texas | $80.00 (2 days) | Airfare at $728.70[8] Taxicab at $212.95[9] Meals (2 days) at $142.00* Lodging at $132.00* | $1,295.65 |
| | | | | **Total Expert Fees** | **$5,483.06** |

\* 28 U.S.C. 1821(d). Per Diem rates for subsistence for lodging in Houston between October 2014 and September 2015 are $132.00 for lodging and $71.00 for meals. Per Diem rates for subsistence for lodging in New Orleans between October 2014 and September 2015 are $151.00 for lodging and $71.00 for meals.

---

[1] R. Doc. 159-4 at 2-4.
[2] *Id.*
[3] R. Doc. 159-4 at 7-8.
[4] *Id.* at 9.
[5] R. Doc. 159-4 at 10-14.
[6] *Id.*
[7] *Id.*
[8] R. Doc. 159-4 at 15. Please *see also* attached supporting documents for Ms. Sahmel's airfare and taxicab.
[9] *Id.*

Exhibit "B"

Denver, CO - DEN to Houston (Hobby), TX - HOU                    https://www.southwest.com/account/travel/past-air-details?recordLo...

Español

# Southwest

FLIGHT | HOTEL | CAR    SPECIAL OFFERS    RAPID REWARDS

My Account › My Travel › Past Trips › Denver, CO - DEN to Houston (Hobby), TX - HOU

## Southwest

### Denver, CO - DEN to Houston (Hobby), TX - HOU
Book This Trip | View Receipt

**Air**                                                    earned + 13,060 PTS

Passenger: JENNIFER ELLIOTT          Confirmation #F4K2M4        ACCT#

**AIR ITINERARY**

Flight - Anytime Fare
| DEC 2 | Denver, CO - DEN to Houston (Hobby), TX - HOU |
| TUE | 12/02/2014 |

Flight - Anytime Fare
| DEC 3 | Houston (Hobby), TX - HOU to Denver, CO - DEN |
| WED | 12/03/2014 |

**PRICING**                                                     🖨 Print

| Trip | Routing | Fare Type | Fare |
|---|---|---|---|
| Flight | DEN-HOU | Anytime | $326.51 |
| Flight | HOU-DEN | Anytime | $326.51 |
| | | Govt. Taxes & Fees | $75.68 |
| | | **Dollar Total:** | **$728.70** |

**Dollar Grand Total:**                  $728.70
**Total Points Earned:**                  13,060

---

**Need help?**            **Subscribe**                    **Connect with us**
# Contact Us             # Click 'N Save®                      📱
Customer Service | FAQ   Save big on travel each week. Sign up    Nuts About Southwest Blog    Mobile Apps

**About Southwest**      **Flying Southwest**      **Southwest Products**      **Customer Service**
What's New               Why Fly Southwest?        EarlyBird Check-In®         FAQ
Press Room               Popular Routes            Business Select®            Special Assistance
Investor Relations       International Travel      Southwest® gift card        Customers of Size
Southwest Citizenship    Airport Information       WiFi & Inflight Entertainment    Traveling with Infants
Customer Commitments     Flight Schedules          Southwest Vacations         Traveling with Pets
Southwest Merchandise                              Business Travel & Groups    Purchasing & Refunds
Southwest® The Magazine                            Charter Services            Lost and Found
Careers                                                                        Baggage Policies

1 of 2                                                        JSE-Shell Burst        1/16/2015 3:37 PM

Shell-Burst

```
        Main Kitchen
        806 Main Street
        Houston, TX 77002
           713-237-1111
CHECK:      240
SERVER:     511 Justin
DATE:       DEC03'14 10:32AM
CARD TYPE:  Visa
ACCT #:     XXXXXXXXXXXX8189
AUTH CODE:  645778
         JENNIFER ELLIOTT

SUBTOTAL:              6.50

 Tip:_____

 Total:_____

Signature:_____

   I Agree to pay above total
amount according to card holder
           agreement

* Second Copy is Customer Copy *
```

JENNIFER S ELLIOTT

TAXI 1
Downtown Houston to Hobby 12/3/14

5893684

TAX 42.35

IMPORTANT: RETAIN THIS COPY FOR YOUR RECORDS

**ADVANTAGE CAB**
**Houston, TX**
**Fare Receipt**

Date 12/2/14              832.283.1021

Recived of_____

The Sum of $43.00

Pick up Location Hobby Airport

Destination Location Downtown Houston

Driver Name & Cab #_____

```
        Metro Taxi
        303-321-5400
        TAXI INVOICE
Cab#       140
Driver#    14587
Hail#      4859316
From:      363
           2-Dec-14 02:12
To:        254
           2-Dec-14 02:53
Card #: ?0373
Card Type: VISA
Status: Approved
Transaction #: 9820104
Authorization: 05001C
Captured On: 2-Dec-14 09:58:30
Captured: $127.60
Flagfall  $2.60
Fare      $105.00
Tips      $20.00
Total     $127.60
********************************

      *** Customer Copy ***
      2 Dec
```

TAXIS:

$ 42.35
$ 43.00
$ 127.60
$ 212.95

JSE - Shell-Burst

**GSA** U.S. General Services Administration

Home | Mobile Site | Newsroom | Regions | Staff Directory | Careers | Forms | e-Tools | QuickLinks

[ Search ]

Home > Policy & Regulations > Travel and Relocation Policy > Per Diem > Per Diem Rates >

# FY 2015 Per Diem Rates for ZIP 70130

(October 2014 - September 2015)

### SEARCH BY CITY, STATE OR ZIP CODE

Enter your City [        ] OR Enter your ZIP Code [70130] [FIND PER DIEM RATES]

Per Diem Map >

**ADDITIONAL PER DIEM TOPICS**
Meals & Incidental Expenses Breakdown (M&IE)
FAQs
State Tax Exemption Forms
Factors Influencing Lodging Rates
FY 2014 Per Diem Highlights
Fire Safe Hotels
Have a Per diem Question?
Downloadable Per Diem Files

Cities not appearing below may be located within a county for which rates are listed.
To determine what county a city is located in, visit the National Association of Counties (NACO) website (a non-federal website).

The following rates apply for 70130

| Primary Destination* (1) | County (2, 3) | 2014 Oct | Nov | Dec | 2015 Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Meals & Inc. Exp.** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| New Orleans | Orleans / St. Bernard / Jefferson / Plaquemines Parishes | 154 | 154 | 154 | 151 | 151 | 151 | 151 | 151 | 151 | 107 | 107 | 107 | 71 |

\* NOTE: Traveler reimbursement is based on the location of the work activities and not the accommodations, unless lodging is not available at the work activity, then the agency may authorize the rate where lodging is obtained.
\*\* Meals and Incidental Expenses, see Breakdown of M&IE Expenses for important information on first and last days of travel

**CONTACTS**
Additional Contacts for
Travel Management Policy

**NEED MORE INFORMATION?**
Rates for Alaska, Hawaii, U.S Territories and Possessions (set by DoD)
Rates in Foreign Countries (Set by State Dept.)
Federal Travel Regulations (FTR)

**RELATED TOPICS**
Travel Resources
E-Gov Travel
FedRooms
POV Mileage Reimbursement Rates

Last Reviewed 2015-06-25

Print | Email | Favorites | Twitter | Facebook | Share

Help | Sitemap | Accessibility Aids | Linking | Privacy and Security | Contact Us

Also of Interest: Whitehouse.gov Recovery.gov DATA.GOV USA.gov BusinessUSA

Exhibit "C"

http://www.gsa.gov/portal/category/100120     8/6/2015

Case 2:14-cv-00109-SSV-JCW Document 165-3 Filed 08/18/15 Page 19 of 19
Case 2:14-cv-00109-SSV-JCW Document 164-1 Filed 08/12/15 Page 7 of Page 1 of 1

Per Diem Rates Look-Up

Home | Mobile Site | Newsroom | Regions | Staff Directory | Careers | Forms | e-Tools | QuickLinks

**U.S. General Services Administration**

[Search]

Home > Policy & Regulations > Travel and Relocation Policy > Per Diem > Per Diem Rates >

# FY 2015 Per Diem Rates for Texas
(October 2014 - September 2015)

SEARCH BY CITY, STATE OR ZIP CODE

Enter your City: houston    OR    Enter your ZIP Code: [    ]    [FIND PER DIEM RATES]

Texas ∨                                                              Per Diem Map >

**ADDITIONAL PER DIEM TOPICS**
Meals & Incidental Expenses Breakdown (M&IE)
FAQs
State Tax Exemption Forms
Factors Influencing Lodging Rates
FY 2014 Per Diem Highlights
Fire Safe Hotels
Have a Per diem Question?
Downloadable Per Diem Files

Cities not appearing below may be located within a county for which rates are listed.
To determine what county a city is located in, visit the National Association of Counties (NACO) website (a non-federal website).

You searched for: houston, Texas

Your search inquiry returned more than one possibility. Here are the possible rates.

| Primary Destination (1) | County (2, 3) | Max lodging by Month (excluding taxes) | | | | | | | | | | | | Meals & Inc. Exp.** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 2014 | | | 2015 | | | | | | | | | |
| | | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | |
| Houston (L B Johnson Space Center) | Montgomery / Fort Bend / Harris | 132 | 132 | 132 | 132 | 132 | 132 | 132 | 132 | 121 | 121 | 121 | 121 | 71 |
| Standard Rate | STANDARD RATE | 83 | 83 | 83 | 83 | 83 | 83 | 83 | 83 | 83 | 83 | 83 | 83 | 46 |

* NOTE: Traveler reimbursement is based on the location of the work activities and not the accommodations, unless lodging is not available at the work activity, then the agency may authorize the rate where lodging is obtained.
** Meals and Incidental Expenses, see Breakdown of M&IE Expenses for important information on first and last days of travel.

| CONTACTS | NEED MORE INFORMATION? | RELATED TOPICS |
|---|---|---|
| Additional Contacts for Travel Management Policy | Rates for Alaska, Hawaii, U.S Territories and Possessions (set by DoD) | Travel Resources E-Gov Travel FedRooms POV Mileage Reimbursement Rates |
| | Rates in Foreign Countries (Set by State Dept.) | |
| | Federal Travel Regulations (FTR) | |

Last Reviewed 2015-06-25

Print | Email | Favorites | Twitter | Facebook | Share

Help | Sitemap | Accessibility Aids | Linking | Privacy and Security | Contact Us

Also of Interest   Whitehouse.gov   Recovery.gov   DATA.GOV / Data.gov   USA.gov / USA.gov   BusinessUSA / Business USA.gov

http://www.gsa.gov/portal/category/100120                                    8/6/2015